**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

_____

**NO. 17-1234**

_____

| | | |
|---|---|---|
| **DENZELL D. GRANT,** | ) | **Appeal from the United States** |
| | ) | **District Court for the** |
| **Petitioner-Appellant,** | ) | **Southern District of Illinois** |
| | ) | **East St. Louis Division** |
| **vs.** | ) | |
| | ) | **Honorable Michael J. Reagan** |
| **UNITED STATES OF AMERICA,** | ) | **Judge, Presiding** |
| | ) | |
| **Respondent-Appellee.** | ) | **SDIL No.  16-CV-677** |

### GOVERNMENT'S CIRCUIT RULE 54 STATEMENT

On June 13, 2017, this Court granted Grant's request for a certificate of appealability on the issue of whether an attempted Hobbs Act robbery is a crime of violence under Title 18, United States Code, Section 924(c)(3)'s elements clause.  This Court stayed briefing, however, pending its decision in _Velez v. United States_, 17-1034 (7th Cir. filed Jan. 6, 2017), _DeJesus v. United States_, 17-1035 (7th Cir. filed Jan. 6, 2017), and _Videl v. United States_, 17-1426 (7th Cir. filed Feb. 27, 2017). This Court ordered the parties to file a position statement within 30 days of its decision in the above-cited cases.  Pursuant to that order, the Government submits that this Court should affirm the district court's denial of Grant's Title 28, United States Code, Section 2255 motion.  On February 14, 2020, in the above-cited cases, this Court affirmed its recent holding in _United States v. Ingram_, No. 19-1403 (7th Cir. Jan. 17, 2020), that attempted Hobbs Act robbery is a crime of violence under the elements clause of § 924(c).  This holding, therefore, dooms Grant's argument as well.

**Background**

On February 20, 2014, Grant was charged in a two-count Indictment with Attempted Interference with Commerce by Robbery (Hobbs Act robbery) and Possession of a Firearm in Furtherance of a Crime of Violence (§ 924(c) offense). Crim. R. 1. On July 11, 2014, Grant pled guilty to the Indictment pursuant to a written plea agreement in which the Government agreed not to seek a sentence of more than five (5) years on Count 1 of the Indictment. Crim. R. 22. In exchange, Grant agreed to request a sentence within the advisory guideline range ultimately determined by the Court, and to waive his appeal and collateral review rights. Crim. R. 22, at 6, 8-9. The Government agreed to recommend no more than a five (5) year sentence on Count 1 based on Grant's cooperation, and despite the fact that Grant committed the robbery of the Max's One Stop convenience store with a loaded firearm with a round in the chamber that he held to the head of the clerk as he demanded money from the cash register, and that ultimately discharged during a struggle for the gun between Grant and the clerk of the store.

On October 24, 2014, Petitioner was sentenced to 30 months on Count 1 and 150 months on Count 2, to run consecutively, to be followed by a three (3) year term of supervised release on each count, to run concurrently. Crim. R. 29, 31. The petitioner did not appeal his sentence.

On June 21, 2016, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (§ 2255 Motion), relying on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2241 (2015), and argued that his conviction for possession of a firearm in furtherance of a crime of violence is no longer valid because Hobbs Act robbery is not a "crime of violence" under either the residual clause or the force clause, as defined at Title 18, United States Code, Section 924(c)(3)(B). Civ. R. 1. As Grant's motion was based on *Johnson*, on June 22, 2016, the district court appointed the Federal Public Defender's Office to assist Grant with his § 2255 motion. Civ. R. 2.

On August 29, 2016, Assistant Federal Public Defender ("AFPD") Daniel Cronin filed a brief regarding Grant's pro se § 2255 motion in which he concluded that "there is no non-frivolous basis for the relief sought in Petitioner's pro se § 2255 petition." Civ. R. 5. In his brief, AFPD Cronin acknowledged that Grant's argument that Hobbs Act robbery was not a "crime of violence" under the force or elements clause of § 924(c) would likely fail. Civ. R. 5, at 1, 6-10. In addition, AFPD Cronin noted that, with respect to Grant's appellate and collateral review waiver, "the plain language of that waiver seems to preclude consideration of Mr. Grant's § 2255 claims on the merits." *Id.* at 5. Nonetheless, AFPD Cronin argued that, because Grant's petition was based, in part, on a vagueness challenge, the waiver should not prohibit the district court from considering his motion on the merits. *Id.* at 6.

On September 12, 2016, Grant filed a reply to AFPD Cronin's brief. Civ. R. 7. In his reply, Grant raised the same arguments raised in his initial petition - - that Hobbs Act robbery was not a "crime of violence" under either the force clause or the residual clause of § 924(c). *Id.*

On October 7, 2016, the Government filed its response, arguing that Grant's motion was barred by the collateral review waiver he knowingly and voluntarily entered into and, alternatively, that his claim should fail because Hobbs Act robbery was a crime of violence under the force clause of § 924(c). Civ. R. 8. On November 9, 2016, Grant filed a reply to the Government's response, raising the same arguments he did in his original petition and, seemingly, adopting AFPD Cronin's argument as to the validity of his appellate and collateral review waiver. *Id.*

On January 11, 2017, the district court denied Grant's § 2255 motion. Civ. R. 10. In doing so, it found that (1) Grant's collateral review waiver doomed his petition and (2) Grant's Hobbs Act robbery conviction remained a "crime of violence" under the elements or force clause of

§ 924(c)(3). *Id.* at 6-8, 10. In its order, the district court also declined to issue a certificate of appealability. *Id.* at 20-21. Grant filed a notice of appeal on February 3, 2017.

On June 13, 2017, this Court granted Grant's request for a certificate of appealability on the issue of whether an attempted Hobbs Act robbery is a crime of violence under Title 18, United States Code, Section 924(c)(3)'s elements clause. This Court stayed briefing, however, pending its decision in *Velez v. United States*, 17-1034 (7th Cir. filed Jan. 6, 2017), *DeJesus v. United States*, 17-1035 (7th Cir. filed Jan. 6, 2017), and *Videl v. United States*, 17-1426 (7th Cir. filed Feb. 27, 2017). This Court ordered the parties to file a position statement within 30 days of its decision in the above cited cases. This Court rendered its decision in these cases on February 14, 2020. The Government's position statement was therefore due on March 14, 2020. On March 9, 2020, the Government filed a motion for extension of time to file its position statement which was granted that same date. The Government's position statement is now due April 14, 2020.

## **Argument**

In rejecting the petitioners' arguments in the above cited cases that attempted Hobbs Act robbery was not a "crime of violence" under the force or elements clause of 924(c), this Court noted that it had recently decided the issue in *United States v. Ingram*, No. 19-1403 (7th Cir. Jan. 17, 2020)., and that it did not see the need to revisit the issue. In *Ingram*, the defendant argued, on direct appeal, that attempted Hobbs Act robbery could not count as a predicate offense for purposes of a conviction under § 924(c)(1)(A). *Ingram*, No. 19-1403, at 6. In rejecting this argument, this Court first noted that Hobbs Act robbery was a "crime of violence" under the force or elements clause contained in § 924(c)(3)(A). *Id.* at 7. It next found that, in order for the jury to have convicted Ingram of the offense, it had to have found that he had the specific intent to commit Hobbs Act robbery. *Id.* Finally, this Court noted its holding in *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017), that, when a substantive offense is a violent felony pursuant to

4

§ 924(e) and similar statutes, then an attempt to commit that offense is likewise a violent felony as long as the attempt offense "'requires proof of intent to commit all elements of the completed crime.'" *Id.* (quoting *Hill*, 877 F.3d at 719). This Court next extended the ruling in *Hill* to § 924(c) as well. Finally, it concluded that, because Hobbs Act robbery is a crime of violence and the jury had to find that Ingram intended to commit Hobbs Act robbery to convict him on the attempt, attempted Hobbs Act robbery was a valid predicate offense for his § 924(c) conviction. *Id.* at 8.

The same is true with Grant. Grant never disputed the validity of the attempted Hobbs Act conviction or that he had the specific intent to commit Hobbs Act robbery. Instead, he simply argued it was not a "crime of violence" under either the residual clause or the force clause of 924(c). As set forth in *Ingram*, however, Grant's argument that attempted Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c) fails just as it did for Velez, DeJesus and Vidal.

**Conclusion**

For the foregoing reasons, the Government respectfully requests that this Court affirm the district court's denial of Grant's § 2255 petition.

<div style="margin-left:40%">

**Respectfully Submitted,**

**THE UNITED STATES OF AMERICA**

**STEVEN D. WEINHOEFT**
**United States Attorney**

**s/ *Angela Scott***
**ANGELA SCOTT**
**Assistant U.S. Attorney**
**Nine Executive Drive**
**Fairview Heights, IL 62208**
**(618) 628-3700 (office)**
**(618) 628-3730 (fax)**
**Angela.Scott@usdoj.gov**

</div>

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

_____

**NO. 17-1234**

_____

| | | |
|---|---|---|
| **DENZELL D. GRANT,** | ) | **Appeal from the United States** |
| | ) | **District Court for the** |
| **Petitioner-Appellant,** | ) | **Southern District of Illinois** |
| | ) | **East St. Louis Division** |
| **vs.** | ) | |
| | ) | **Honorable Michael J. Reagan** |
| **UNITED STATES OF AMERICA,** | ) | **Judge, Presiding** |
| | ) | |
| **Respondent-Appellee.** | ) | **SDIL No. 16-CV-677** |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2020, I electronically filed the foregoing

**GOVERNMENT'S CIRCUIT RULE 54 STATEMENT**

with the Clerk of Court using the CM/ECF system and send written notification to the following:

Denzell D. Grant
FCI – Raybrook
PO Box 900
Ray Brook, NY 12977

s/ *Angela Scott*
**ANGELA SCOTT**
**Assistant United States Attorney**