| | | |
|---|---|---|
| DENZELL D. GRANT, | ) | Appeal from the United States |
| | ) | District Court for the |
| Petitioner-Appellant, | ) | Southern District of Illinois |
| | ) | East St. Louis Division |
| vs. | ) | |
| | ) | Honorable Michael J. Reagan |
| UNITED STATES OF AMERICA, | ) | Judge, Presiding |
| | ) | |
| Respondent-Appellee. | ) | SDIL No.  16-CV-677 |

## GOVERNMENT'S POSITION STATEMENT

On June 13, 2017, this Court granted Denzell D. Grant's request for a certificate of appealability on the issues of "whether Grant was convicted of an uncompleted attempted Hobbs Act robbery" and, if so, "whether an uncompleted Hobbs Act Robbery is a crime of violence" under Title 18, United States Code, Section 924(c)(3)'s elements clause.  7th Cir. Doc. No. 9.

This Court has since stayed briefing twice, most recently pending the Supreme Court's ruling in *United States v. Taylor*, No. 20-1459.  On June 21, 2022, the Supreme Court issued its ruling in *Taylor*, holding that attempted Hobbs Act robbery was not a crime of violence under the elements clause of § 924(c).  *United States v. Taylor*, __ U.S. __, 142 S. Ct. 2015 (June 21, 2022).

This Court's order asked the parties for a position statement within 30 days of that decision.  7th Cir. Doc. No. 18.  The government continues to believe affirmance or dismissal is appropriate, and asks the Court to set a briefing schedule on the issues outlined below.

## Background

In October 2013, Grant, "wearing a mask and armed with a loaded gun, entered Max's One Stop and jumped over the counter which led to the area where the lone clerk, R.B., was

sitting." Stip. of Facts, Crim. Doc. 23 at 1.[1] "Grant put the gun to R.B.'s head and told R.B. to give Grant all of the money. Grant held the gun on R.B. as Grant followed R.B. to the cash register. As R.B. was giving Grant the cash from the register, R.B. grabbed the gun and the two began struggling over the gun. During the struggle, the firearm discharged, injuring R.B.'s left hand and striking Grant in the right arm." *Id.*; *see also* PSR, Crim. Doc. 27 at ¶ 14 ("After giving the male the money, R.B. grabbed the gun.").[2] Grant was ultimately apprehended before he left the store. Stip. of Facts, Crim. Doc. 23 at 1.

On February 20, 2014, Grant was charged in a two-count indictment with Interference with Commerce by Robbery (Hobbs Act robbery) and Possession of a Firearm in Furtherance of a Crime of Violence (§ 924(c) offense). Crim. Doc. 1. On July 11, 2014, Grant pled guilty to both charges pursuant to a written plea agreement, which described the underlying offense for the section 924(c) charge as "Attempted Interference of Commerce by Violence." Crim. Doc. 22 at 5. The Government agreed not to seek a sentence of more than five (5) years on the Hobbs Act count. Crim. Doc. 22 at 6. In exchange, Grant agreed to request a sentence within the advisory guideline range ultimately determined by the Court, and to waive his appeal and collateral review rights subject to certain exceptions. Crim. Doc. 22 at 6, 8-9.

On October 24, 2014, Petitioner was sentenced to 30 months on Count 1 and 150 months on Count 2, to run consecutively, to be followed by a three (3) year term of supervised release on each count, to run concurrently. Crim. Docs. 29, 31. The petitioner did not appeal his conviction or sentence.

---

[1] Documents from Grant's criminal case, No. 3:14-cr-30039 (S.D. Ill.), are marked as "Crim Doc. __." Documents from Grant's habeas case, No. 3:16-cv-00677 (S.D. Ill.) are marked as "Civ. Doc. __."
[2] The Government recognizes that the contents of PSRs are generally confidential. See *United States v. Kelly*, 314 F.3d 908, 913 (7th Cir. 2003). In the present case, however, it is appropriate for this court to consider all of the information before the district court to determine an issue like actual innocence, including "information contained in the PSR to establish a factual basis before entry of judgment and imposition of sentence." *See United States v. Arenal*, 500 F.3d 634, 638 (7th Cir. 2007).

On June 21, 2016, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (§ 2255 Motion), relying on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2241 (2015), and argued that his conviction for possession of a firearm in furtherance of a crime of violence is no longer valid because Hobbs Act robbery is not a "crime of violence" under either the residual clause or the force clause, as defined at Title 18, United States Code, Section 924(c)(3)(B).  Civ. Doc. 1. Because Grant's motion was based on *Johnson*, the district court appointed the Federal Public Defender's Office to assist Grant with his § 2255 motion.  Civ. Doc. 2.

On August 29, 2016, an assistant public defender filed a brief regarding Grant's pro se § 2255 motion in which he concluded that "there is no non-frivolous basis for the relief sought in Petitioner's pro se § 2255 petition."  Civ. Doc. 5.  The brief acknowledged that Grant's argument— that Hobbs Act robbery was not a "crime of violence" under the force or elements clause of § 924(c)—would likely fail.  Civ. Doc. 5 at 1, 6-10.  In addition, with respect to Grant's appellate and collateral review waiver, the brief noted that "the plain language of that waiver seems to preclude consideration of Mr. Grant's § 2255 claims on the merits."  *Id.* at 5.  Nonetheless, it argued that, because Grant's petition was based, in part, on a vagueness challenge, the waiver should not prohibit the district court from considering his motion on the merits.  *Id.* at 6.

On September 12, 2016, Grant filed a pro se reply.  Civ. Doc. 7.  In his reply, Grant raised the same arguments raised in his initial petition, namely, that Hobbs Act robbery was not a "crime of violence" under either the force clause or the residual clause of § 924(c).  *Id.*

On October 7, 2016, the Government filed its response, arguing that Grant's motion was barred by the collateral review waiver he knowingly and voluntarily entered into as part of his plea, and, alternatively, that his claim should fail because Hobbs Act robbery was a crime of violence under the force clause of § 924(c).  Civ. Doc. 8.  On November 9, 2016, Grant filed a reply to the Government's response, raising the same arguments he did in his original petition and,

3

seemingly, adopting counsel's vagueness argument as to the validity of his appellate and collateral review waiver.  *Id.*

On January 11, 2017, the district court denied Grant's § 2255 motion.  Civ. Doc. 10.  In doing so, it found that (1) Grant's collateral review waiver doomed his petition and (2) Grant's Hobbs Act robbery conviction remained a "crime of violence" under the elements or force clause of § 924(c)(3).  *Id.* at 6-8, 10.  In its order, the district court also declined to issue a certificate of appealability.  *Id.* at 20-21.  Grant filed a notice of appeal on February 3, 2017.

On June 13, 2017, this Court granted Grant's request for a certificate of appealability on the issues of whether Grant was convicted of attempted Hobbs Act robbery, and if so, whether an attempted Hobbs Act robbery is a crime of violence under Title 18, United States Code, Section 924(c)(3)'s elements clause.  7th Cir. Doc. No. 9.  This Court stayed briefing, however, pending its decisions in *Velez v. United States*, 17-1034 (7th Cir. filed Jan. 6, 2017), *DeJesus v. United States*, 17-1035 (7th Cir. filed Jan. 6, 2017), and *Videl v. United States*, 17-1426 (7th Cir. filed Feb. 27, 2017).  *Id.* This Court rendered its decision in those cases on February 14, 2020.

On November 22, 2021, this Court stayed briefing again pending the Supreme Court's ruling in *United States v. Taylor*, No. 20-1459, and ordered the parties to file a position statement within 30 days of its decision.  7th Cir. Doc. No. 18.  On June 21, 2022, the Supreme Court issued its ruling in *Taylor*, holding that attempted Hobbs Act robbery was not a crime of violence under the elements clause of § 924(c).  *United States v. Taylor*, No. 20-1459, 2022 WL 2203334 (June 21, 2022).

**Argument**

Grant pled guilty to the knowing "discharge of a firearm in furtherance of a crime of violence for which he may be prosecuted in a court of the United States."  Indictment, Crim. Doc. 1, 3:14-cr-30039 (S.D. Ill. 2014).  Despite pleading guilty, signing a plea agreement with a

4

collateral-attack waiver, and failing to file a direct appeal, Grant filed a habeas petition in 2016 arguing for the very first time that the United States had misread the statute of conviction, 18 U.S.C. § 924(c). Under a proper reading of the statute, he now argued, Grant had *not* discharged the firearm "in furtherance of a crime of violence for which he may be prosecuted in a court of the United States." The Court should set a briefing schedule to address the following issues.

First, Grant's plea agreement waived his right to bring this collateral attack. As the District Court rightly found, Grant broadly waived the right to collaterally attack his conviction or sentence with only two exceptions that do not apply here: actual innocence and adjusted guidelines. Grant conceded in the District Court that neither exception applied, arguing only "an implicit due process-based exception to the waiver" that the court rightly rejected. Civ. Doc. 10 at 7; *see also* Civ. Doc. 5 at 5 ("counsel concedes that the plain language of the waiver seems to preclude consideration of Mr. Grant's § 2255 claims").

Even if this court were to expand the scope of appeal and consider the waiver's exceptions, Grant cannot show "factual innocence" of the charged offense in light of the undisputed facts. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Proving actual innocence would mean showing that, factually, Grant did not discharge the firearm during and in relation to any crime of violence "for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). *Completed* Hobbs Act robbery is a crime of violence. As the Court's certificate of appealability noted, the record is unclear about whether Grant was convicted of a completed Hobbs Act robbery or merely attempted Hobbs Act robbery. 7th Cir. Doc. No. 9. But what exactly Grant pled to does not matter for purposes of actual innocence, because section 924(c) only requires proof of a crime of violence for which the person *may* be prosecuted. *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (explaining that section 924(c) "does not require a prosecution for or conviction of that other offense"). Not only was Grant charged and prosecuted for a completed

Hobbs Act robbery, but also the undisputed facts show Grant in fact *committed* a completed Hobbs Act robbery in relation to discharging the firearm. *See* Crim. R. 23, 27. This means he is not actually innocent of the section 924(c) offense. In sum, the burden is on Grant to prove factual innocence, that burden extends to the completed Hobbs Act robbery, and Grant cannot show factual innocence of that crime. *See Bousley*, 523 U.S. at 623-624 ("[I]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."). Thus, the court should enforce Grant's collateral-attack waiver and dismiss the appeal.

Second, even apart from his express waiver, Grant's guilty plea itself precludes this collateral attack on his conviction. "The Supreme Court has held many times that a plea of guilty is all that is necessary for conviction." *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (citing *United State v. Broce*, 488 U.S. 563, 569 (1989)). Grant does not dispute that his guilty plea was knowing and voluntary. Thus, Grant's "guilty plea forecloses a collateral attack based on *Johnson* or any other development that does not concern subject-matter jurisdiction or imply that the very institution of the criminal charge violated the Constitution." *Id*. at 733 (rejecting a similar attack on a 924(c) conviction predicated on Hobbs Act conspiracy); *see also Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021); *United States v. Wheeler*, 857 F.3d 742 (7th Cir. 2017) (rejecting a similar attack on a 924(c) conviction predicated on attempted Hobbs Act robbery); *United States v. Starwalt*, 701 F. App'x 508 (7th Cir. 2017) (Mem.) (explaining that defendant "waived" his argument that Hobbs Act robbery was not a crime of violence "when he pleaded guilty to the § 924(c) count"). Grant's current argument, that the indictment actually failed to state an offense, "not only *could* have been presented by pretrial motion but also *had* to be so presented." *Wheeler*, 857 F.3d at 744 (citing Fed. R. Crim. P. 12(b)(3)(B)(v)); *see also United States v. Muresanu*, 951 F.3d

833, 839 (7th Cir. 2020) (same).[3] The District Court noted the similarity between this case and *Davila*, *see* Civ. Doc. 10 at 17, and this court's subsequent decisions only confirm that the District Court got it right. The court should affirm without reaching the substance of Grant's claims based solely on his guilty plea, just as the court did in *Davila* and the cases following it.

Third, even if Grant were able to overcome those hurdles, Grant cannot overcome his procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Procedurally defaulted claims "are not considered on collateral review" unless the petitioner can show either (1) cause and prejudice, or (2) actual innocence. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Grant cannot use novelty to show cause because "the basis and authority" for his arguments have "long been in existence," even if they have "only recently been seized upon" to argue that attempted Hobbs Act robbery is not a crime of violence. *See Boyer v. United States*, 55 F.3d 296, 299 (7th Cir. 1995). As the court recently explained, the "basis and authority" for the categorical approach applied in *Taylor* was "first laid" back in 1990, and so was available to any "enterprising defendant" thereafter. *White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021) (making the same point). Grant also cannot overcome procedural default by showing actual innocence, as explained above.[4]

Fourth and finally, Grant's indictment pleaded completed Hobbs Act robbery and attempted Hobbs Act robbery in the conjunctive. Crim. Doc. 1. The District Court's order assumed that Grant pleaded guilty to Hobbs Act robbery, not to attempt. Civ. Doc. 10 at 19. At

---

[3] Notably, Grant unconditionally waived his "right to file pretrial motions" as part of his plea and in fact filed no such motions, thereby removing any challenge to the sufficiency of the indictment from the scope of any future appeal or collateral attack. Plea Agreement, Crim. Doc. 22, at ¶ 1. Grant also waived his right to appeal or collaterally attack his conviction and sentence more generally.

[4] In addition, it is "doubtful" that "the 'actual innocence' exception to procedural default is available" to Grant because actual innocence cannot serve "double duty," i.e., be both what Grant "must show to overcome procedural default" and "the standard he must satisfy to prevail on the merits." *See Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018).

times, however, the plea documents used attempt language, even while admitting facts that seemingly add up to a completed robbery. Crim. Docs. 23, 24, 27. The court's certificate of appealability recognized this tension too. 7th Cir. Doc. No. 9. Ultimately, the distinction may not matter under an actual-innocence standard, for the reasons described above.

### Conclusion

For the foregoing reasons, the Government respectfully requests that this court allow briefing to proceed on the issues identified above.

Respectfully Submitted,

THE UNITED STATES OF AMERICA

RACHELLE AUD CROWE
United States Attorney

s/ *Peter T. Reed*
PETER T. REED
Assistant U.S. Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700 (office)
(618) 628-3730 (fax)
Peter.Reed@usdoj.gov

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

**NO. 17-1234**

---

| | | |
|---|---|---|
| **DENZELL D. GRANT,** | **)** | **Appeal from the United States** |
| | **)** | **District Court for the** |
| **Petitioner-Appellant,** | **)** | **Southern District of Illinois** |
| | **)** | **East St. Louis Division** |
| **vs.** | **)** | |
| | **)** | **Honorable Michael J. Reagan** |
| **UNITED STATES OF AMERICA,** | **)** | **Judge, Presiding** |
| | **)** | |
| **Respondent-Appellee.** | **)** | **SDIL No.  16-CV-677** |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and send written notification to the following:

Denzell D. Grant, #11098-025
FCI – Yazoo City
PO Box 5000
Yazoo City, MS  39194

s/ *Peter T. Reed*
PETER T. REED
Assistant U.S. Attorney